UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIX CHESLEY HERBERT JR., | Case No. 2:25-cv-2644-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| JEREMIAH LUPE, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against Turlock Police Officer Jeremiah Lupe and Deputy Public Defender Michael Scheid. After review of the complaint, I find that, for screening purposes, plaintiff has stated a cognizable Fourteenth Amendment claim against Lupe.[1] The complaint fails, however, to state a cognizable claim against Scheid. Plaintiff shall indicate whether he desires to proceed only with his claim against Lupe or delay serving any defendant and file an amended complaint. Plaintiff also filed an application to proceed *in forma pauperis*, which makes the required showing and is granted.

---

[1] As an apparent pretrial detainee, plaintiff's excessive force claim arises under the Fourteenth Amendment rather than the Eighth. *See Crossley v. Tulare Cnty. Sheriff*, 1:21-cv-01758-GSA-PC, 2023 U.S. Dist. LEXIS 96472, *10 (E.D. Cal. Jun. 1, 2023) ("A pretrial detainee is not protected by the Eighth Amendment's Cruel and Unusual Punishment Clause because he has not been convicted of a crime . . . . A pretrial detainee instead is protected from punishment without due process under the Due Process Clause of the Fourteenth Amendment.").

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges two discrete incidents. First, he alleges that Lupe did not announce himself as a police officer before he tackled plaintiff, causing injuries to plaintiff's left leg, left arm, knee, elbow, head, and ribs. ECF No. 1 at 3. Plaintiff also alleges that Lupe violated plaintiff's due process rights by filing an inaccurate incident report. *Id.* at 4.

In another incident, plaintiff alleges that Scheid, his criminal defense attorney, violated his constitutional rights by failing to present exculpatory evidence during his criminal proceedings. *Id*. at 5. Plaintiff alleges that Scheid did not file motions or challenge his prosecution and that he did not interview plaintiff. *Id*. Plaintiff claims that he is concerned about facing excessive punishment or sentencing as a result. *Id*.

Plaintiff alleges a cognizable excessive force claim against Lupe. To allege a Fourteenth Amendment violation for excessive force, a pretrial detainee must show that the force the defendant purposely or knowingly used against them was objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). In making this determination, courts consider the need for the use of force and the amount of force used, the extent of plaintiff's injury, any effort by the officer to temper or limit the amount of force, the severity of the security problem, the threat reasonably perceived by the officer, and whether the plaintiff was resisting. *Id*.

Here, plaintiff alleges that Lupe tackled him unnecessarily and caused him serious injuries. On these allegations, there is no indication that Lupe perceived a threat, that there was a severe security problem, or that force was needed. Instead, the allegations indicate that plaintiff continues to suffer pain months later and that he did not resist when Lupe tackled him as he was waiting for Lupe with his hands up at the time of the incident. ECF No. 1 at 3. As such, plaintiff has sufficiently alleged that Lupe used objectively unreasonable force against him.

Plaintiff's other claims fail, however. A claim for a violation of plaintiff's due process rights by including inaccurate information in an incident report, without more, is insufficient to state a claim under the Fourteenth Amendment. *See Survine v. Cottle*, No. CV-F-12-1453-LJO-JLT, 2013 WL 1313844, *5 (E.D. Cal. Apr. 1, 2013) (holding that the mere filing of a false or inaccurate police report is insufficient to state a claim under 42 U.S.C. § 1983 and that a plaintiff is required to show that the report thwarted the plaintiff's ability to pursue civil claims). Therefore, plaintiff's claim against Lupe for filing an inaccurate incident report is dismissed with leave to amend.

Plaintiff's claim for ineffective assistance of counsel against Schied should also be dismissed because it must be brought in a habeas petition. And to do that, plaintiff must first

1  exhaust state remedies. *Carrillo-Carrillo v. Coursey*, 823 F.3d 1217, 1220 (9th Cir. 2016).
2  Because there is no indication that plaintiff has done so, and the instant action is not the proper
3  vehicle for bringing a habeas claim, this claim is dismissed without leave to amend.
4        Finally, plaintiff's claims against Lupe and Scheid relate to separate incidents and cannot
5  proceed together. Multiple, unrelated claims against more than one defendant belong in separate
6  suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).
7        Plaintiff can either file a notice to proceed with his excessive force claim against Lupe or
8  he can delay serving any defendant and file an amended complaint that addresses the above
9  concerns. Should plaintiff choose to amend his complaint, he is advised that the amended
10 complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907
11 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended
12 Complaint" and refer to the appropriate case number.
13       Accordingly, it is ORDERED that:
14       1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.
15       2. Within thirty days, plaintiff may confirm his intent to proceed only with the excessive
16 force claim against Lupe or, within that same time, file another amended complaint with the
17 understanding that doing so will delay service of any defendant.
18       3. Failure to timely comply with this order may result in the imposition of sanctions,
19 including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule
20 of Civil Procedure 41(b).
21       4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   December 8, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE